IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

WAYNE E. BELL,
    Petitioner,                            Civil Action No. 7:13-cv-00286

v.                                          MEMORANDUM OPINION

C. ZYCH, et al.,                      By:   Hon. Michael F. Urbanski
    Respondents.                            United States District Judge

Wayne E. Bell, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner argues that his incarceration is unconstitutional because he is actually innocent of his criminal convictions. Petitioner is presently confined at a correctional facility within this district, and this matter is before the court for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases.[1] After reviewing petitioner's submissions, the court concludes that petitioner fails to demonstrate an entitlement to relief via § 2241 and dismisses the petition without prejudice.

I.

On May 30, 1997, the United States District Court for the Middle District of Tennessee sentenced petitioner to, inter alia, ninety-four years' incarceration for eleven crimes related to carjacking with a firearm. The Court of Appeals for the Sixth Circuit affirmed the convictions, and the Supreme Court of the United States denied a writ of certiorari. The United States District Court for the Middle District of Tennessee dismissed with prejudice petitioner's first motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, on October 17, 2000, and the Court of Appeals for the Sixth Circuit denied petitioner's request for a certificate

---

[1] Rule 1(b) permits the court to apply the Rules for § 2254 Cases to a § 2241 habeas petition, and Rule 4 permits the court to dismiss a habeas petition when it plainly appears that petitioner is not entitled to relief.

of appealability.  On September 14, 2005, the Sixth Circuit denied petitioner leave to file a successive § 2255 motion, but in August 2012, petitioner asked the United States District Court for the Middle District of Tennessee to vacate his convictions because a trial witness says the United States coerced her to lie to secure petitioner's convictions.  The United States District Court for the Middle District of Tennessee denied the request in October 2012, noting petitioner did not timely file the request pursuant to either Rule 33, Fed. R. Crim. P., or Rule 60(b), Fed. R. Civ. P.

Petitioner filed the instant petition to have this court vacate his convictions entered by the United States District Court for the Middle District of Tennessee.  Petitioner argues that he is actually innocent of his criminal convictions and offers the witness' allegation of coercion as proof.

## II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention."  28 U.S.C. § 2255(e); Swain v. Pressley, 430 U.S. 372, 381 (1977).  A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective."  In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).  The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a prisoner satisfies a three-part standard:

> (1) [A]t the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

> prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner may not challenge his convictions via § 2241. Petitioner fails to explain how a change in substantive law made it legal to commit carjacking with a firearm. Furthermore, petitioner's reliance on the witness' recanted testimony is not a change in substantive law to allow him to challenge the convictions via § 2241. The fact that a new § 2255 motion would be time barred or considered successive does not make § 2255 review "inadequate" or "ineffective." Accordingly, petitioner fails to meet the In re Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his convictions, his claims cannot be addressed under § 2241, and this petition must be dismissed.[2]

### III.

In conclusion, the court dismisses the § 2241 petition without prejudice because petitioner fails to demonstrate an entitlement to relief.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner.

Entered: June 26, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[2] The court declines to construe petitioner's § 2241 petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. 28 U.S.C. § 2255(a). Second, petitioner already filed a § 2255 motion to challenge his convictions. Consequently, petitioner must receive pre-filing authorization from the appropriate court of appeals to file a second § 2255 motion in the district court where petitioner was sentenced. 28 U.S.C. § 2255(h). Because petitioner has not demonstrated that a Court of Appeals has issued him pre-filing authorization to submit a second or successive § 2255 motion, the court does not have jurisdiction to consider the merits of the claim(s) under § 2255. Transferring a clearly successive § 2255 motion to the sentencing court does not further the interests of justice or judicial economy.